UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| ABEL DIAZ, | &#124; |
| Petitioner, | &#124; Civil Action No. 11-142-KKC |
| v. | &#124; |
| D. BERKEBILE, | &#124; **MEMORANDUM OPINION** |
| | &#124; **AND ORDER** |
| Respondent. | &#124; |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Abel Diaz is an inmate confined at the United States Penitentiary - Big Sandy in Inez, Kentucky. Diaz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition[1], the Court will deny relief because Diaz may not pursue his claim in a petition for a writ of habeas corpus pursuant to Section 2241.

On September 5, 2000, a jury found Diaz guilty of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, and conspiracy to possess and use a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(o). On November 30, 2000, the court sentenced Diaz to life imprisonment, a term subsequently reduced to 35 years in 2008 pursuant to a Rule 35 motion by the United States. *United States v. Diaz*, No. 1:00–CR-74-FAM (S.D. Fla. 2000).

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In his original and supplemental petitions [R. 1, 6, 8] Diaz argues - as he did on direct appeal - that the government failed to prove beyond a reasonable doubt that he intended to possess and distribute more than five kilograms of cocaine, and that the jury did not determine the drug quantity involved in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Court must deny the petition because Diaz may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

The Sixth Circuit has held that this exception is not available to assert *Apprendi* claims indistinguishable from the one Diaz asserts here:

> Petitioner's *Apprendi* argument is that the district court's failure to instruct the jury on the quantity and identity of the drugs involved resulted in a jury finding that he was guilty of a crime when each element of the crime had not be found beyond a reasonable doubt, and therefore his sentence was more than the maximum sentence he could have received. ...
>
> A challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin*. *See United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001).

*Bannerman v. Snyder*, 325 F.3d 722, 723-24 (6th Cir. 2003). Because Diaz's claims - even if meritorious - did not result in his conviction based upon conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. His petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Diaz's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This the 29th day of September, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge